IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHNNY LEVELT BURNSIDE,

      Plaintiff,

v.                                                                                                          No. 2:22-cv-00782-KG-KRS

MONARCH REAL ESTATE CORPORATION,
ADAM MARRUJO, and
BRADLEY BERGLUND,

      Defendants.

### MEMORANDUM OPINION AND ORDER

      This is the second civil action *pro se* Plaintiff has filed in this Court. *See Burnside v. Monarch Real Estate Corp.*, No. 2:22-cv-00587-KG-KRS ("*Burnside I*"). In *Burnside I*, the undersigned notified Plaintiff that his complaint failed to state a claim upon which relief can be granted and ordered Plaintiff to file an amended complaint. *See* Doc. 5, filed August 10, 2022, in *Burnside I*. Plaintiff filed an amended complaint and other documents. *See* Doc. 6, filed August 26, 2022, in *Burnside I*; Doc. 8, filed September 16, 2022, in *Burnside I*. United States Magistrate Judge Kenneth J. Gonzales dismissed *Burnside I* after finding that the amended complaint failed to state a claim. *See* Doc. 10, filed October 14, 2022, in *Burnside I*.

      On October 19, 2022, Plaintiff filed his "Amended Factual Allegation." Doc. 1. The Clerk's Office opened this new case and filed the Amended Factual Allegation as a Complaint this new case because *Burnside I* has been dismissed. Plaintiff did not sign the Amended Factual Allegation as required by Rule 11(a).

**Order to Cure Deficiency**

Because this is a new case, Plaintiff must either pay the $402.00 fee[1] for instituting a civil action or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)" ("Application").  Plaintiff shall have twenty-one (21) days from entry of this Order to either pay the $402.00 fee or file an Application.

**Order for Amended Complaint**

Plaintiff alleges that he spoke with owner Defendant Berglund about renting an apartment unit, made an offer to rent the unit and purchased a $500 money order.  Plaintiff also alleges that Defendant Marrujo, an agent for Defendant Monarch Real Estate Corp., told Plaintiff there was no vacancy and that he never saw a $500 money order.  Plaintiff filed a civil action in state court to get his money back and a month later found an eviction notice for non-payment of rent taped to his door.

Plaintiff asserts discrimination claims against Defendants pursuant to the Fair Housing Act, 42 U.S.C. § 3604, which makes it unlawful to refuse to rent after the making of a bona fide offer, or to refuse to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin.  *See* Complaint at 1, ¶ 1.  Plaintiff also asserts a retaliation claim pursuant to the New Mexico Uniform Owner-Resident Relations Act.

The claim fails to state a discrimination claim pursuant to 42 U.S.C. § 3604.  To prevail on a discrimination claim pursuant to the Fair Housing Act, a "plaintiff must prove a discriminatory intent."  *Asbury v. Brougham*, 866 F.2d 1276, 1279-80 (10th Cir. 1989) (stating the elements of a

---

[1] The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $52.00 administrative fee.

2

prima facie case alleging housing discrimination case under the Fair Housing Act: (i) plaintiff is a member of a protected class (race, color, religion, sex, familial status, or national origin); (ii) he applied for and was qualified to rent an apartment; (iii) he was denied the opportunity to rent or to inspect or negotiate for the rental of an apartment; and (iv) the housing opportunity remained available); *Caddy v. J.P. Morgan Chase Bank*, 237 Fed.Appx. 343 n.3 (10th Cir. 2007) (same). The Complaint fails to state a claim pursuant to the Fair Housing Act because the Complaint does not contain factual allegations showing that race, color, religion, sex, familial status, or national origin were a factor in Defendants' decision to deny Plaintiff the opportunity to rent the unit.

The Court orders Plaintiff to file an amended complaint. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."). Plaintiff must sign the amended complaint. *See* Fed. R. Civ. P. 11(a) ("Every ... paper must be signed ...by a party personally if the party is unrepresented").

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (November 2019). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)   Within 21 days of entry of this Order, Plaintiff shall either pay the $402.00 fee or file an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)." Failure to timely pay the fee or file an Application may result in dismissal of this case.

(ii) The Clerk shall send to Plaintiff, together with a copy of this Order, an "Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form)."

(iii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**